HARDY, Judge.
Plaintiff’s original petition, alleging his discharge from defendant’s employ, without reason, and praying for the allowance of severance pay, together with continuing wages and attorney’s fees, was met by an exception of vagueness, and for the purpose of supplying the lack of information at which said exception was directed, plaintiff filed a supplemental and amended petition, following which the exception of vagueness was overruled. Thereafter defendant filed an exception of no cause and no right of action, and in turn plaintiff filed *529 a second supplemental and amended petition, and again an exception of no cause and no right of action was refiled and re-urged on behalf of defendant. For reasons assigned in a written opinion the district judge sustained the exception of no cause of action and thereafter, following filing of a motion for rehearing, plaintiff filed a third supplemental and amended petition. Upon objection on behalf of defendant to the allowance of this pleading the objection was sustained, the amended petition disallowed, and for reasons assigned in a written opinion the motion for rehearing was overruled. From the signed judgment sustaining defendant’s exception of no cause of action and dismissing plaintiff’s suit, the plaintiff prosecutes this appeal.
Appellant’s specifications of error are set forth in brief of his counsel before this court as follows:
“(1) That the Trial Judge erred in sustaining the Exception of No Cause of Action on the grounds assigned that the plaintiff was discharged for unsatisfactory conduct, this being a matter of defense which has been consistently negatived by the plaintiff’s allegations, (2) The Trial Judge further erred in holding, on rehearing, that the contract had terminated, when this was not alleged by plaintiff nor was it ever pleaded or contended by defendant, (3) the Trial Judge further erred in dismissing plaintiff’s claim for declaratory relief, (4) The Trial Judge further erred in refusing to allow the Third Supplemental and Amended Petition, which petition further negatived the erroneous construction theretofore given by the defendant and the Trial Judge to the plaintiff’s previous petitions.”
Despite the somewhat complicated pleadings above noted, the simple question directed by this appeal is whether plaintiff has stated a cause of action predicated upon the construction of the well pleaded facts contained in his original petition and the first and second supplemental amended petitions. Examination of these pleadings discloses plaintiff’s allegations in his original petition (1) that he was discharged from his employment without assignment of reason therefor, and that his request for written explanation of his discharge was refused by his employer; (2) that he had been employed by defendant for eighteen years and was a non-bargaining unit regular employee between the age of 40 and 60 years and entitled to twelve weeks severance pay at the rate of $175 per week; (3) that under LSA-R.S. 23:631 plaintiff was entitled to continuing salary from date of demand until payment or tender thereof; (4) that plaintiff was further entitled to attorney’s fees.
Defendant’s plea of vagueness was based upon plaintiff’s failure to allege the nature, date, terms and provisions of his contract of employment and further offered the additional objection that plaintiff “ — annexed to and made a part of his petition a certain bulletin dated April 30, 1959, but there is no allegation showing whether plaintiff intends to allege that this bulletin is the contract of employment alleged to exist or even that it sets forth the provision of the alleged contract of employment.” In connection with this exception we point out that although plaintiff alleged the annexation and incorporation of the bulletin in question as a part of his petition, it was not actually attached thereto.
Plaintiff’s first supplemental and amended petition in response to the exception of vagueness alleged an oral contract of employment, supplemented by certain bulletins of defendant company alleged to be in the possession and under the control of de-. fendant. In this particular plaintiff addi-. tionally prayed, upon the basis of certain; allegations therein, for a declaratory judg-. ment adjudicating his rights as to participation in defendant’s employee’s pension; plan.
Defendant’s first exception of no cause- and no right of action was based upon the; *530 contention that according to plaintiff’s own allegations he had worked for defendant more than eighteen years and was over forty years of age, which, under the express provisions of a bulletin dated November 30, 1959, referred to in plaintiff’s petition, a copy of which was annexed to defendant’s exception, eliminated plaintiff from that group of employees eligible for severance pay and, accordingly, he had no right of action; that since plaintiff was without a right of action to recover severance pay, his petition failed to disclose a cause of action for continuing wages; plaintiff’s claim to a declaratory judgment with reference to pension rights was too remote to be within the contemplation of the Declaratory Judgment Act, LSA-R.S. 13:4231 et seq., and, alternatively, under bulletin of the defendant company plaintiff was not eligible for a pension, wherefore he had no right of action.
Plaintiff’s second supplemental and amended petition attached a bulletin dated April 30, 1959, and a letter from an official of the defendant company directed to plaintiff’s counsel, advising that plaintiff had been discharged for unsatisfactory conduct. Following allowance of this amended pleading another exception of no cause or right, of action was filed on behalf of defendant, asserting that the documents attached to plaintiff’s petition showed that his discharge had been upon grounds of unsatisfactory ■conduct which placed him in the group of employees ineligible for severance pay, and .as a result he had no cause or right of action.
The written opinion of the district judge makes it clear that his basis for sustaining the exception of no cause of action was derived from plaintiff’s failure to negative the assigned cause for his discharge, that is, unsatisfactory conduct.
 In proceeding to a determination ■of the question stated supra, it must be observed that plaintiff’s cause of action, if any, must be determined from the construction of well pleaded facts contained in his petitions. The only evidence which we are at liberty to consider as a part of plaintiff’s pleadings is the bulletin which was actually annexed to the second supplemental and amended petition and the letter advising plaintiff’s counsel that he was discharged for unsatisfactory conduct. These documents, in themselves, although unquestionably affecting plaintiff’s rights, do not establish the elements of “unsatisfactory conduct” nor justify the conclusion that plaintiff was guilty thereof. This is purely a matter of defense, and we must therefore respectfully, but firmly, disagree with the conclusion of the district judge that it was the burden of plaintiff, by his pleadings, to negative the basis upon which defendant effected the discharge.
In our opinion the above holding disposes of the issue before us. The question of plaintiff’s right of action is a matter which would require evidence which the record before us does not contain. The documents attached to defendant’s exceptions cannot be considered as evidence.
We regard the pronormcements in the opinion of the District Judge with reference to plaintiff’s right to a declaratory judgment and his eligibility to pension benefits as obiter dicta, without relevance to his judgment sustaining the exception of no cause of action. Nor do we accord with the interpretation and effect of the third supplemental and amended petition tendered by plaintiff and disallowed in the opinion on motion for rehearing.
For the reasons assigned the judgment appealed from is annulled and set aside, and
It is now ordered, adjudged and decreed that the exception of no cause of action be and it is overruled and this cause is remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo with instructions to allow the filing of plaintiff's third supplemental and amended petition, and for further proceedings in accordance with law and consistent with this opinion.
*531 Costs of this appeal are taxed against defendant-appellee, and
It is ordered that the assessment of all other costs be held in abeyance pending further proceedings.